**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
**Scott A. Shorr,** OSB No. 961873
Email: sshorr@stollberne.com
**Nadine A. Gartner**, OSB No. 103864
Email: ngartners@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:      (503) 227-6840

**Attorneys For Plaintiffs**

[Additional counsel appear on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EDWARD M. WALLACE, Jr., individually and on behalf of all others similarly situated | Case No. _____ |
| Plaintiff(s), | **CLASS ACTION ALLEGATION COMPLAINT** |
| v. | (Unjust Enrichment; Violation of Truth in Lending Act (15 U.S.C. § 1601, *et seq.*); Violation of RESPA (12 U.S.C. § 2601, *et seq.*); Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing; Breach of Fiduciary Duty; Conversion; Violation of Unlawful Debt Collection Practices Act (ORS 646.639)) |
| BANK OF AMERICA, N.A., individually and as successor by merger to BAC, HOME LOANS SERVICING, L.P., | |
| Defendant(s). | **DEMAND FOR JURY TRIAL** |

Plaintiff Edward M. Wallace, Jr., individually and on behalf of all others similarly

situated, through their undersigned attorneys, brings this class action against Bank of America,

N.A. ("BOA") individually and as successor by merger to BAC Home Loans Servicing, L.P.

Page 1 -    **CLASS ACTION ALLEGATION COMPLAINT**

( "Defendant").  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## INTRODUCTION

1.

Plaintiff and class members currently have or formerly had home equity lines of credit ("HELOC's") with Defendant, secured by their residential properties.

2.

Defendant unlawfully engaged in a pattern and practice of forcing Plaintiff and class members to purchase and/or maintain flood insurance in excess of the amounts required by federal law and regulations, in amounts greater than Defendant's interest in the property, and contrary to the amounts agreed upon in the relevant loan documents.

3.

Defendant force-places flood insurance by claiming that borrowers do not have adequate flood insurance, without regard to the actual amounts of flood insurance necessary to satisfy federal law and regulation.  Even where, as here, Defendant's remaining interest in a property is negligible, Defendant force-places high premium flood insurance policies.  Here, Defendant force-placed insurance coverage in excess of 15 times Plaintiff's line of credit, and nearly 20 times his outstanding balance.  Throughout this process, Defendant misrepresents the requirements that borrowers obtain additional flood insurance at the borrower's expense is required by federal laws for property owners in "Special Flood Hazard Areas" ("SFHAs").

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

4.

Defendant forces borrowers to pay for insurance policies through BOA's former wholly owned subsidiary insurance company, Balboa Insurance Group ("Balboa") (certain of whose assets BOA sold to QBE as of June 2011), or other affiliated companies, at excessive prices, in exchange for the receipt of unlawful kickbacks, referral fees, commissions, or other compensation on the transactions, thereby realizing unlawful financial gains. Even after the sale of Balboa to QBE, BOA reaps financial gain from the force-placed insurance policies by virtue of a contractual agreement between BOA or its affiliate and QBE.

5.

After Defendant forces a borrower into one of its affiliates' excessively priced insurance policies, it ensures payments of the premium by adding the amount to the borrower's credit line balance, or (as is the case with Plaintiff) withdrawing the amounts directly from a borrower's checking account.

6.

There is no reasonable or good faith basis for Defendant's demand that Plaintiff and class members secure excessive and unnecessary flood insurance on their properties over and above BOA's security interest in those properties.

7.

Defendant forces Plaintiff and class members to pay for insurance even though the coverage is exorbitant and excessive without complying with disclosure requirements under federal law.

Page 3 -    **CLASS ACTION ALLEGATION COMPLAINT**

8.

Defendant's actions violate the Truth in Lending Act, 12 U.S.C. § 1601, *et seq.* ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA").

9.

Defendant's actions constitute a breach of the borrowers' HELOC loan contracts and a breach of the implied covenant of good faith and fair dealing. Defendant's actions also constitute unjust enrichment, conversion, are unconscionable, and violate state laws.

10.

Plaintiff seeks monetary, injunctive, and declaratory relief; penalties; attorneys' fees; and costs on behalf of themselves and all class members.

## THE PARTIES

11.

Individual and representative Plaintiff Edward M. Wallace, Jr. is a resident of Portland, Oregon. Plaintiff is a member of the Classes defined below.

12.

Defendant Bank of America, N.A. ("BOA") is a national bank association headquartered in Charlotte, North Carolina. BOA does business in Oregon and throughout the United States. Defendant BAC Home Loans Servicing, L.P. ("BAC Servicing") was a wholly owned subsidiary of BOA headquartered in Calabasas, California. BAC Servicing services mortgage loans and lines of credit owned by BOA, including loans and lines of credit secured by real property located in Oregon and throughout the United States. On July 1, 2011, BAC Servicing was

Page 4 -    **CLASS ACTION ALLEGATION COMPLAINT**

merged into BOA.  At all relevant times, BOA controlled, directed, and approved BAC
Servicing's conduct.

## JURISDICTION AND VENUE

### 13.

The Court has federal question jurisdiction over Plaintiff's TILA claim pursuant to 28
U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28
U.S.C. § 1367.

### 14.

In addition, the Court has original jurisdiction under the Class Action Fairness Act, 28
U.S.C. § 1332(d)(2) ("CAFA").  Plaintiff is a citizen of the State of Oregon, and Defendant is a
citizen of North Carolina. The amount in controversy in this action exceeds $5,000,000.00, and
there are more than 100 members of each of the proposed Classes.

### 15.

Venue is proper in the United States District Court, District of Oregon, pursuant to 28
U.S.C. § 1391, because a substantial part of the events giving rise to Plaintiff's claims arose in
Oregon.

## FACTUAL ALLEGATIONS

### A.  The National Flood Insurance Program and Regulations

### 16.

The purpose of the federal National Flood Insurance Program ("NFIP") is to reduce the
federal government's burden of providing disaster relief to flood prone areas by establishing a
federal flood insurance scheme.  Payments for flood losses under the NFIP are the exclusive
source of such insurance payments, and federal agencies tasked with implementing the NFIP

Page 5 -    **CLASS ACTION ALLEGATION COMPLAINT**

(including the Federal Emergency Management Agency ("FEMA")) proscribe minimum and maximum limits on how much flood insurance a homeowner can have and how much the insurance policy will pay in the event of a loss.

17.

In the 1994 Amendments to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* ("NFIA"), Congress required lenders to ensure that homeowners maintained flood insurance on property located within areas designated as Special Flood Hazard Areas by FEMA. Lenders are required to ensure that properties in such areas pledged as security for loans have flood insurance equal to the lesser of: (1) the maximum insurance coverage available through the NFIP, which is $250,000; (2) the outstanding balance of the loan; or (3) the replacement cost of the property.

### B.   BOA Has Force-Placed Plaintiff and Class Members Into Unnecessary and Inflated Flood Insurance Policies

18.

In 1999, Plaintiff Edward M. Wallace, Jr. purchased his home, located in Portland, Oregon, with the aid of a $100,000 loan secured by this property. Plaintiff refinanced his home with BOA on April 8, 2003.

19.

On October 31, 2006, Plaintiff obtained a home equity line of credit ("HELOC") from BOA with a maximum available credit limit of $10,000. To secure this line of credit, Plaintiff signed an "Oregon HELOC Deed of Trust" which, in addition to pledging his residence as collateral, required Plaintiff, among other things, to maintain property insurance "in the amounts (including deductible levels) and for the periods that Lender requires."

Page 6 -   **CLASS ACTION ALLEGATION COMPLAINT**

20.

At the time the HELOC Deed was signed, Plaintiff was also presented with (and asked to sign) a "Flood Insurance Notification Letter" informing Plaintiff that, because his credit line was secured by his residence, and because this residence was situated within an SFHA, he would be required to maintain flood insurance on his property in amounts equal to the lesser of:

- 100% of the insurance value of the improvements as established by the property insurer (also known as the replacement value by insurance companies); or
- The maximum limit of coverage made available under the National Flood Insurance Program (NFIP) or from a private insurer (whichever applies); or
- The total home equity loan or line amount plus all other mortgages.

*See also* 42 U.S.C. § 4012a(b)(1) (limiting necessary flood insurance to amounts "at least equal to the outstanding principal balance of the loan or the maximum limit of coverage made available under the Act, whichever is less."); *Hofstetter v. Chase Home Fin., LLC,* No. 10-1313, 2010 WL 3259773, at *7-10 (N.D. Cal. Aug. 16, 2010) (where credit lines are concerned, flood insurance need only cover the maximum amount of that line (assuming it is the lesser of replacement value and NFIP maximum coverage)).

21.

This Letter, having been presented alongside and signed contemporaneously with the remaining documents constituting the HELOC agreement, was both integrated and incorporated into that agreement by reference (the Letter is listed as included within the HELOC closing package by the Home Equity Closing Instructions provided to Plaintiff at the time the loan was originated).

Page 7 -   **CLASS ACTION ALLEGATION COMPLAINT**

22.

The HELOC Deed also stated that BOA could alter the insurance requirements at anytime, and, was authorized to force-place insurance on Plaintiff's behalf should he fail to meet these requirements.  This power is limited.  The Office of the Comptroller of the Currency ("OCC"), in collaboration with the Federal Deposit Insurance Corporation ("FDIC"), the Office of Thrift Supervision ("OTS"), the National Credit Union Administration ("NCUA"), and the Board of Governors of the Federal Reserve System ("FRB"), has limited the amount of flood insurance that may be force-placed on property securing a HELOC to "the total amount of the line, the value of the improved property or the maximum amount of flood insurance coverage available, whichever is less."  Comptroller's Handbook:  Flood Disaster Protection, May 1999, pg. 6; *see also* 12 CFR § 22.3 (limiting force-placement to the lesser of loan-balance or maximum coverage under the NFIA).

23.

At the time the HELOC was originated, given Plaintiff's preexisting mortgage and the amount of flood insurance already maintained on his property, Plaintiff was not required to purchase any additional coverage.

24.

Payments on any balance owed under the HELOC were withdrawn directly from Plaintiff's checking account by Defendant.

25.

In October 2011, Plaintiff paid off all of his mortgage debt with Defendant, thereby purchasing his home outright from BOA, and extinguishing all of his home loan debt with the exception of the $10,000 HELOC (of which less than $8,500 was outstanding).

Page 8 -    **CLASS ACTION ALLEGATION COMPLAINT**

26.

Following the satisfaction of his mortgage, Plaintiff canceled his then-current flood insurance policy. Plaintiff received no notification from Defendant that they would, in fact, still require him to maintain such insurance (as is necessary under the NFIA (42 U.S.C. § 4012a(e)(1))); nor, accordingly, was Plaintiff afforded a 45-day window within which to purchase such insurance (as is also required by the NFIA (42 U.S.C. § 4012a(e)(2))). Instead, on April 26, 2012, Plaintiff noticed an abnormal withdrawal of $688.80 from his checking account. After contacting Defendant, Plaintiff was informed that the bank had force-placed flood insurance on his behalf, in an amount of $151,400: an amount *that is over 15 times Plaintiff's HELOC credit limit of $10,000.00, and is nearly 20 times the amount outstanding on the HELOC.* Under applicable law and regulations, Defendant can only force-place flood insurance up to the HELOC's credit limit, since that is lower than the replacement value of the Plaintiff's home. Thus, at most, Defendant can force-place $10,000 worth of flood insurance on Plaintiff.

27.

Despite Defendant's clear violation of law, Plaintiff, on May 3, 2012, again contacted BOA, this time to explain that, while willing to insure himself against the $8,604.71 he still owed Defendant on his HELOC, (which had been closed to further borrowing for roughly a year), he was unwilling to pay the premiums on an unnecessary and excessive $150,000 flood insurance policy. Defendant, however, has since taken no actions to reduce the amounts of forced insurance on Plaintiff's home, and Plaintiff continues to pay, monthly, for unwanted and unlawfully force-placed insurance.

Page 9 - **CLASS ACTION ALLEGATION COMPLAINT**

28.

Defendant's sole interest in Plaintiff's property is the $10,000 HELOC.  Federal law and regulations restrict the amount that can be force-placed on a HELOC, which here would be at most the HELOC's credit limit.  Defendant's force placement of $140,000-worth of excessive flood insurance is contrary to the prohibitions of the OCC, the insurance requirements delineated in Plaintiff's Flood Insurance Notification Letter, and the federal requirements under the NFIA.

29.

Moreover, the HELOC Deed does not provide Defendant with unlimited power to force Plaintiff to purchase excessive and unnecessary flood insurance.  Rather that power is limited by the Flood Insurance Notification Letter, which is part of the parties' contract and defines Defendant's insurance requirements as the lesser of (among other things), Plaintiff's $10,000 line of credit and the OCC.  *See* Comptroller's Handbook:  Flood Disaster Protection, May 1999, pg. 6; *see also* 12 CFR § 22.3 (limiting force-placement to the lesser of loan-balance or maximum coverage under the NFIA).  Moreover, to the extent that Defendant had any discretion to alter this requirement (and it does not), that discretion is limited by the implied covenant of good faith and fair dealing.  Defendant's force-placement of flood insurance that is 15 times the amount permitted and required by federal law breaches the parties' contract and is done in bad faith in order to receive exorbitant kickbacks and commissions.

**C.  BOA's Unlawful Practices**

30.

Defendant ties insurance products in with its HELOC financing activities.

Page 10 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

31.

BOA enforces this tie in an arbitrary fashion without regard to whether Plaintiff and the Class need flood insurance in the amounts dictated by BOA.

32.

BOA makes its decision to force-place flood insurance together with its insurance affiliates.  BOA then requires borrowers to purchase flood insurance in excess of what is necessary to meet the requirements of federal law or to protect its interest as a creditor.  They then continue to insist on the payment of such unnecessary insurance premiums.

33.

BOA's affiliates charge excessively high insurance premiums above what an independent insurance company would charge.

34.

The amount of coverage that BOA dictates and demands of borrowers exceeds that required by federal law, as discussed throughout this Complaint, and contradicts the terms of the credit agreements entered into between borrowers and Defendant.  It exceeds what is necessary to protect BOA's interest in the collateral pledged as security.

35.

The relevant HELOC agreements, including Plaintiff's HELOC documents, provide that the borrower will carry flood insurance on that collateral.  BOA, however, imposes coverage requirements beyond that required by law as necessary to protect its insurable interest in the property.  Defendant can readily extract monies from Plaintiff and the Class due to the threat of negative credit ratings, foreclosure, and the accrual of interest on the payments where added to

Page 11 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

borrowers' account balances: a process made even simpler by Defendant's access to Plaintiff's and the class' checking accounts.

36.

Defendant has engaged in the above practices in order to realize unfair financial gains from Class members, including Plaintiff.  By adding the cost of force-placed insurance to borrowers' loan balances, Defendant earns additional interest on the amounts charged, and causes borrowers to incur additional costs and fees.

37.

By purchasing force-placed insurance from its subsidiary Balboa and other insurance affiliates, Defendant also earned commissions for Balboa and its other insurance affiliates, and ultimately realized the entire profit on the transaction.

38.

On information and belief, discovery will reveal other direct and indirect financial benefits and incentives that accrue to Defendant as a result of its unfair, unlawful, and unconscionable conduct as set forth herein.

## CLASS ACTION ALLEGATIONS

39.

Plaintiff brings this action individually and on behalf of all others similarly situated, and ask the Court to certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40.

This action satisfies the Rule 23 requirements of numerosity, commonality, typicality, adequacy, predominance and superiority.

 Page 12 -  **CLASS ACTION ALLEGATION COMPLAINT**

41.

Plaintiff asserts COUNT I (unjust enrichment) on behalf of a proposed nationwide class

(the "Unjust Enrichment Class") defined as:

> All individuals who have or had a HELOC with Defendant within the applicable statute of limitations, who were charged for a force-placed insurance policy procured through Defendant.  Excluded from this class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

42.

Plaintiff asserts COUNT II (TILA), COUNT III (RESPA), COUNT IV (Breach of

Contract/Breach of Implied Covenant of Good Faith and Fair Dealing), COUNT V (Breach of

Fiduciary Duty) and COUNT VI (Conversion) on behalf of a proposed nationwide class (the

"Nationwide Class") defined as:

> All individuals who have or had a HELOC with Defendant within the applicable statute of limitations who were required by Defendant to pay or maintain flood insurance for their property in an amount which exceeded any of the following: (1) $250,000; (2) the replacement cost value of the property pledged as security for the loan; or (3) the maximum line of credit for the HELOC. Excluded from this class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

43.

Plaintiff asserts COUNT VII (Oregon UDCPA) on behalf of a proposed Oregon Class

(the "Oregon Class") defined as:

> All individuals residing in Oregon or who own property in Oregon who have or had a HELOC with Defendant within the applicable statute of limitations who were required by Defendant to pay or maintain flood insurance for their property in an amount which exceeded any of the following:  (1) $250,000; (2) the replacement cost value of the property pledged as security for the loan; or (3) the maximum line of credit for the HELOC. Excluded from this class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

Page 13 -  **CLASS ACTION ALLEGATION COMPLAINT**

44.

The Unjust Enrichment Class, the Nationwide Class and the Oregon Class (collectively, the "Classes") are each composed of thousands of HELOC borrowers whose home financing was originated and/or serviced by Defendant, the joinder of which in one action would be impracticable. The disposition of the claims of the proposed Class members through this class action will benefit the parties and the Court. The identities of individual members of the proposed Classes are readily ascertainable through Defendant's account records.

45.

Plaintiff's claims are typical of the claims of the proposed Classes, in that Plaintiff, like all Class members, were forced into a high-premium flood insurance policy and ultimately forced to purchase unnecessary and excessive flood insurance. Plaintiff and all members of the Classes suffered damages in the form of costs associated with the purchase and maintenance of these high-premium policies.

46.

Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained experienced counsel with the necessary expertise and resources to prosecute a nationwide consumer class action. Plaintiff and his counsel do not foresee any circumstances where the interests of Plaintiff would be adverse to those of the Classes.

47.

 Common questions of law and fact exist as to all members of the Classes, which predominate over any questions affecting solely individual members of the Classes. Questions of law and fact common to the Classes include, without limitation:

Page 14 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

(a)  whether Defendant has a policy and practice of misrepresenting to its customers that federal law requires additional flood insurance on HELOCs for which such additional flood insurance is not required by law;

(b)  whether Defendant's standard flood insurance letters are false, misleading and/or deceptive;

(c)  whether Defendant breached its HELOC agreements with customers by demanding and force-placing unauthorized amounts of flood insurance or amounts that were not provided for in the HELOC agreements;

(d)  whether Defendant's agreements comply with all mandated consumer disclosures under TILA;

(e)  whether Defendant's agreements are void in their entirety under TILA;

(f)  whether Defendant's conduct violates the Oregon UDCPA; and

(g)  the proper measure of damages.

48.

All members of the Classes have suffered damages as a result of a "common wrong" on the part of Defendant.  Damages are easily ascertainable by reference to Defendant's records concerning the members of the Classes.

49.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  It would be economically impractical for Plaintiff and members of the Classes to pursue individual actions against Defendant as the costs of prosecution would likely surpass their individual damages.  Defendant continues to engage in the unlawful, unfair and unconscionable conduct that is the subject of this Complaint.  Class treatment of Plaintiff's

Page 15 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

claims will permit Plaintiff and the Classes to vindicate their rights against Defendant and conserve the resources of the Court and the Parties.  Class treatment would also avoid the possibility of inconsistent outcomes that could result from a multitude of individual actions in varying jurisdictions nationwide.

### CAUSES OF ACTION

### COUNT I
**Unjust Enrichment**
**(On behalf of the nationwide Unjust Enrichment Class)**

50.

Plaintiff restates and incorporates the preceding paragraphs of the Complaint.

51.

Defendant received from Plaintiff and members of the proposed Unjust Enrichment Class benefits in the form of overcharges for force-placed insurance policies which are excessive and unreasonable, and are the result of overcharging and overreaching.  BOA and its affiliates receive a commission or other compensation in obtaining these policies.

52.

Defendant entered into an agreement whereby Balboa, a former wholly-owned subsidiary of BOA, would provide force-placed insurance policies to Plaintiff and the proposed Unjust Enrichment Class which were paid for by Plaintiff and the proposed Class at prices that were far higher than the market rates for similar policies.  Defendant knew that the charges for these policies were excessive and not the result of good faith practices; and in fact, Defendant profited from commissions and other compensation made possible by these overcharges.

Page 16 -  **CLASS ACTION ALLEGATION COMPLAINT**

53.

Balboa and other insurance affiliates paid significant monies in kickbacks directly to Defendant in order to be able to exclusively provide force-placed insurance policies at unreasonable rates.

54.

As a result, Plaintiff and the proposed Unjust Enrichment Class have conferred a benefit on Defendant, and Defendant has knowledge of this benefit.  Defendant has voluntarily accepted and retained the benefit conferred on them.

55.

Defendant will be unjustly enriched if they are allowed to retain the benefit, and each nationwide Class member is entitled to and demands an award against Defendant for the amount that they enriched Defendant and for which Defendant was unjustly enriched.

## COUNT II
### Violation of TILA, 15 U.S.C. § 1601, *et seq*.
### (On behalf of the Nationwide Class)

56.

Plaintiff restates and incorporates the preceding paragraphs of the Complaint.

57.

Congress's objective in passing TILA was to ensure that the true cost of goods and services be fully and completely disclosed to the consumer in writing prior to the consumer's purchase and agreement to those terms.

Page 17 -   **CLASS ACTION ALLEGATION COMPLAINT**

58.

Residential line of credit agreements are subject to the disclosure requirements of TILA and all related regulations, commentary, and interpretive guidance promulgated by the Federal Reserve Board.

59.

BOA is a "creditor" as defined by TILA.

60.

As creditors, TILA requires Defendant to timely disclose all finance charges, other charges, and third-party charges that may be imposed in connection with the extension of a line of credit.

61.

TILA requires Defendant to make these disclosures clearly and conspicuously.

62.

TILA requires Defendant to accurately and fully disclose the terms of the legal obligation between the parties.

63.

Defendant violated TILA by, *inter alia*: (i) adversely changing the terms of the credit lines after origination without consent and demanding more insurance than previously required in amounts greater than necessary to protect their interest in the property; and (ii) failing to provide proper notice, after origination, that Defendant was amending the terms of the credit lines as described in the relevant loan documents.

Page 18 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

64.

TILA's implementing regulations specific to open-ended credit transactions such as HELOC's require lenders seeking to reserve their right to impose a different requirement of flood insurance at a date subsequent to closing to disclose, at closing, "that **specified** changes will occur if a **specified** event takes place."  12 C.F.R. 226.5b(f)(3)(i) (emphasis added).

65.

Plaintiff's HELOC transaction contained no such disclosures making Defendant's changes to the flood insurance requirements a violation of TILA.

66.

The TILA violations set forth above occurred within one year of the commencement of this action.  To the extent the violations described above occurred earlier, Plaintiff did not discover and did not have a reasonable opportunity to discover Defendant's violations until less than one year before this action commenced.  Prior to this time, Plaintiff had no reason or opportunity to complain about Defendant's TILA violations because it was not yet apparent that Defendant's disclosures were incomplete, inaccurate, and misleading.  Plaintiff's TILA claim is timely.  The statute of limitations on Plaintiff's TILA claim did not begin to run and/or was equitably tolled until such time that he had a reasonable opportunity to discover Defendant's TILA violations and to complain about such violations.  It would be manifestly unjust and inconsistent with the purposes of the TILA to apply and enforce an earlier accrual date for Plaintiff's TILA claim.

Page 19 -  **CLASS ACTION ALLEGATION COMPLAINT**

67.

Defendant systematically and pervasively engaged in similar violations of TILA to the detriment of other members of the Nationwide Class.

68.

Plaintiff and the Nationwide Class have been injured and have suffered monetary losses as a result of Defendants' violations of TILA.

69.

As a result of Defendant's violations, Plaintiff and the Nationwide Class are entitled to recover actual damages and a penalty of $500,000.00 or 1% of Defendant's net worth, as provided by 15 U.S.C. § 1640(a)(1-2).

70.

Plaintiffs and the Nationwide Class are also entitled to recover attorneys' fees and costs to be paid by Defendant, as provided by 15 U.S.C. § 1640(a)(3).

## <u>COUNT III</u>
### Violation of RESPA, 12 U.S.C. § 2601, *et seq*.
### (On behalf of the Nationwide Class)

71.

Plaintiff alleges and incorporates the preceding allegations of the Complaint.

72.

Plaintiff's loan is a federally regulated HELOC subject to the requirements of RESPA.

73.

RESPA prohibits the giving or accepting of any fees, kickbacks, or things of value pursuant to any agreement or understanding, oral or otherwise, in connection with business

Page 20 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

incident to a part of a real estate settlement service involving a federally regulated mortgage loan.

74.

RESPA prohibits the giving or accepting of any portion, split, or percentage of any charge made or received for the rendering of real estate settlement services in connection with a transaction involving a federally regulated mortgage loan other than for services actually performed.

75.

24 C.F.R. § 3500.2 defines settlement services to include the provision of services involving flood insurance.

76.

Defendant has violated RESPA by giving or receiving fees, kickbacks, and/or other things of value in connection with obtaining force-placed insurance from BOA's formerly wholly owned subsidiary Balboa and/or other affiliated companies.

77.

Defendant has unlawfully accepted portions, splits or percentages of premiums charged for force-placed insurance, without performing actual services.

78.

As a result of Defendant's RESPA violations, Plaintiff and the Nationwide Class are entitled to statutory damages equal to treble the amount of costs they incurred as a result of Defendant's force-placement of flood insurance.

Page 21 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

79.

Plaintiff and the Nationwide Class are also entitled to declaratory and injunctive relief

forbidding Defendant from engaging in further RESPA violations.

80.

Plaintiff and the Nationwide Class are entitled to recover their costs and attorney's fees.

81.

Plaintiff's claim is timely, as this action was filed within one year from the date on which

Defendant charged Plaintiff for force-placed insurance.

## COUNT IV
### Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing/Unconscionability
### (On behalf of the Nationwide Class)

82.

Plaintiff restates and incorporates the preceding paragraphs of the Complaint.

83.

Plaintiff entered into a HELOC contract with BOA.

84.

The HELOC contract required that flood insurance be maintained as a condition of

closing and maintaining the loan.  The contract contained a section titled "Flood Insurance

Notification Letter." That section provides, in pertinent part, that flood insurance

COVERAGE MUST BE THE LESSER OF:
- 100% of the insurance value of the improvements as established by the property insurer (also known as the replacement value by insurance companies); or
- The maximum limit of coverage made available under the National Flood Insurance Program (NFIP) or from a private insurer (whichever applies); or
- The total home equity loan or line amount plus all other mortgages.

Page 22 -  **CLASS ACTION ALLEGATION COMPLAINT**

85.

Defendant breached its contract with Plaintiff by requiring payment for additional and excessive flood insurance that was not required under the contract.

86.

Additionally, the law assumes in every contract an obligation of good faith and fair dealing, the purpose of which is to prevent one party's conduct under the contract from impeding the other party's performance of that contract.

87.

Defendant's actions constitute a breach of its duty of good faith and fair dealing in that, to the extent BOA had any discretion under the contract, it exercised that authority in bad faith by imposing insurance on Plaintiff's property in excess of BOA's remaining insurance interest in that property.  As a result, BOA wrongfully withdrew money from Plaintiff's checking account and forced him to make inflated payments with the implicit threat of negative credit reporting, thereby impeding Plaintiff's ability to continue meeting his obligations under the terms of the HELOC contract.

88.

The provision of the HELOC contract stating that "[w]hat Lender requires pursuant to the preceding sentences [(that flood insurance must be maintained in amounts and for periods that Defendant requires)] can change during the term of the Agreement" is unconscionable.  To the extent that Defendant relies on that provision to change the requirements at any time and without reason, and to even exceed the maximum insurance required under the NFIP and the OCC

Page 23 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

regulations, it is unconscionable.  Giving Defendant unlimited discretion under that provision is unconscionable.

89.

Defendant's reliance on that unconscionable provision has led – among other things – to the following:

90.

Defendant demanded that Plaintiff purchase excessive insurance coverage;

91.

Defendant force-placed borrowers with its affiliates' flood insurance policies, who charged excessively high premiums;

92.

Defendant withdrew these premiums from customers' checking accounts or added them to customers' HELOC balances such that they became a part of the customers' loan obligations, which made them subject to negative credit reporting; and

93.

Nowhere in Defendant's HELOC agreements is there any indication that Defendant will ever require a borrower to obtain flood insurance greater than the requirements of the NFIP; though Defendant force-places customers with such excessive coverage anyway.

94.

Considering the great business acumen and experience of Defendant in relation to Plaintiff and the Nationwide Class; the great disparity in the parties' relative bargaining power; the inconspicuous and incomprehensible nature of the contract language involved; the oppressiveness of the terms and Defendant's application of them; the commercial

Page 24 -  **CLASS ACTION ALLEGATION COMPLAINT**

unreasonableness of the contract terms; the purpose and effect of the terms; the allocation of risk between the parties; and similar public policy concerns, these provisions are unconscionable and, therefore, unenforceable as a matter of law.

95.

The imposition of flood insurance, at Plaintiff's expense, fifteen times greater than Defendant's interest in the insured property is itself unconscionable.

96.

If the mortgage or HELOC agreements at issue are understood to allow any of these practices, that contract is unconscionable.

97.

Plaintiff and the Nationwide Class who paid excessive and unnecessary flood insurance premiums have sustained damages as a result of Defendant's unconscionable policies and practices as alleged herein and are entitled to rescission and restitution.

98.

Defendant has replicated these actions with respect to all members of the Nationwide Class as part of a scheme to wrongfully increase income to themselves and their affiliates.

99.

Plaintiff and the Nationwide Class are entitled to compensatory damages resulting from Defendant's wrongful actions in breach of their mortgage contracts and HELOC contracts and in violation of Defendant's obligation of good faith and fair dealing in performing under the contracts.

Page 25 -  **CLASS ACTION ALLEGATION COMPLAINT**

## COUNT V

**Breach of Fiduciary Duty/Misappropriation of Funds Held in Trust (On behalf of the Nationwide Class)**

100.

Plaintiff restates and incorporates the preceding paragraphs of the Complaint.

101.

Defendant holds funds in escrow for Plaintiff and the Nationwide Class. These funds are to be used for the purpose of, *inter alia*, paying taxes and/or insurance premiums when due, and any excess funds are to be returned to the Class under the terms of the Mortgages.

102.

With regard to Plaintiff, Defendant established an escrow account specifically for the purpose of force-placing flood insurance. Defendant has accepted or taken monies from Plaintiff and the Nationwide Class for insurance premiums and/or taxes and have held them in escrow.

103.

Defendant was obligated to hold these escrow funds in trust, and owed Plaintiff and the Nationwide Class a fiduciary duty with respect to the handling of such funds.

104.

Defendant breached its fiduciary duty to Plaintiff and other members of the Nationwide Class by: (a) unilaterally using escrow funds to purchase force-placed flood insurance that Plaintiff and other class members did not want and were not required to obtain, and (b) profiting from force-placed flood insurance policies that were purchased from escrow funds at the expense of Plaintiff and other Class members.

Page 26 - **CLASS ACTION ALLEGATION COMPLAINT**

105.

These actions were undertaken by Defendant in bad faith for their own benefit and were not intended to benefit Plaintiff or other borrowers.

106.

As a direct result of Defendant's actions and subversion of Plaintiff's interest to its own interest, Plaintiff and the Nationwide Class have suffered injury from in the form of unnecessary and excessive escrow charges and a loss of funds from their escrow accounts.

107.

Plaintiff and the Nationwide Class are entitled to damages for Defendant's beach of their fiduciary obligations and misappropriation of escrow funds.  In addition, Plaintiff and the Nationwide Class are entitled to punitive damages because Defendant acted in bad faith in deliberate and/or reckless disregard of their rights and its obligation to hold their escrow funds in trust.

## <u>COUNT VI</u>

**Conversion**
**(On behalf of the Nationwide Class)**

108.

Plaintiff restates and incorporates the preceding paragraphs of the Complaint.

109.

Defendant had and continues to have a duty to maintain and preserve their customers' checking accounts, and to prevent their diminishment through their own wrongful acts.

Page 27 -  **CLASS ACTION ALLEGATION COMPLAINT**

110.

Defendant wrongfully and intentionally collected insurance premiums from their customers' checking accounts, or added such premiums to the amounts owed under their HELOCs.

111.

Defendant collected these premiums by wrongfully and intentionally taking specific and readily identifiable funds from their HELOC customers' checking accounts or misappropriating funds paid to their HELOC customers' account balances.

112.

Hostile to the rights of Plaintiff and the Nationwide Class, Defendant has assumed and exercised the right of ownership over these funds without authorization to do so and without legal justification.

113.

Defendant retains these funds unlawfully without the consent of Plaintiff and the members of the Nationwide Class and deprives them of exercise over the control of these funds.

114.

Defendant intends to permanently deprive Plaintiff and the Nationwide Class of these funds.

115.

Plaintiff and the Nationwide Class properly own these funds, not Defendant, who now claims that it is entitled to their ownership contrary to the rights of Plaintiff and the Nationwide Class.

Page 28 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

116.

Plaintiff and the Nationwide Class are entitled to the immediate possession of these funds.

117.

Defendant has wrongfully converted these specific and readily identifiable funds.

118.

Defendant's wrongful conduct is of a continuing nature.

119.

As a direct and proximate result of Defendant's wrongful conversion, Plaintiff and the Nationwide Class have suffered and continue to suffer actual damages.  Plaintiff and the Nationwide Class are entitled to recover from Defendant all damages and costs permitted by law, including all amounts that Defendant has wrongfully converted, which are specific and readily identifiable.

## <u>COUNT VII</u>

**Violation of Oregon's Unlawful Debt Collection Practices Act Section 646.639
(On behalf of the proposed Oregon Class)**

120.

Plaintiff restates and incorporates the preceding paragraphs of the Complaint.

121.

Plaintiff and members of the Oregon Class are "consumers" as defined in O.R.S. § 646.639(1)(a).

Page 29 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

122.

Defendant and the insurance providers of the force-placed policies are "persons" as defined in O.R.S. § 646.639(1)(h).

123.

The force-placed purchase of flood insurance policies are "consumer transactions" within the meaning of O.R.S. § 646.639(1)(b).

124.

When Defendant sent notice to Plaintiff and members of the Oregon Class stating that Defendant would force-place flood insurance policies in accordance with federal law and/or their HELOC contracts, Defendant willfully violated O.R.S. § 646.639(2)(k).  In sending those notices, Defendant was threatening to enforce a legal right or remedy that does not exist under either the terms of the HELOC contracts or federal law.  As such, the sending of the notices was an improper method of attempting to collect a debt that Defendant improperly created.

125.

Moreover, when Defendant actually force-placed the flood insurance policies, Defendant necessarily violated O.R.S. § 646.639(2)(n).  Oregon's Unlawful Debt Collection Practices Act prohibits "[c]ollect[ing] or attempt[ing] to collect any interest or any other charges or fees in excess of the actual debt unless they are expressly authorized by the agreement creating the debt or expressly allowed by law."  Defendant collected interest, fee, and commission income on the policies Defendant's force-placed on members of the Oregon Class. Such actions violate Oregon law.

126.

Page 30 -  **CLASS ACTION ALLEGATION COMPLAINT**

As a direct and proximate result of Defendant's wrongful and unlawful actions, Plaintiff and members of the Oregon Class have suffered and continue to suffer an ascertainable loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, prays for relief as follows:

A.      That this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3), that Plaintiff be appointed as the representative for the proposed Classes, and that Plaintiff's counsel be appointed as counsel for the proposed Classes;

B.      That Plaintiff and the proposed Classes recover the damages determined to have been sustained by them, trebled as provided by law, with any applicable civil penalties, statutory damages and punitive damages, and that judgment be entered against Defendant on behalf of Plaintiff and each member of the Classes;

C.      That Defendant, their subsidiaries, affiliates, successors, transferees, assignees and the respective officers, directors, partners, agents and employees and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from continuing and maintaining its unlawful conduct alleged in this Complaint;

D.      That Plaintiff and members of the proposed Classes be awarded prejudgment and post-judgment interest, and that such interest be awarded at the highest legal rate from and after the date of service of the Complaint in this action;

E.      That Plaintiff and the proposed Classes recover their costs of this suit, including attorneys' fees and costs, as provided by law; and

Page 31 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

F.        That the Court direct all such further relief that it deems just and

appropriate.

## DEMAND FOR JURY TRIAL

127.

Plaintiff demands a trial by jury as to all claims so triable.

DATED this 24th day of May, 2012.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By: /s/Timothy S. DeJong
    **Timothy S. DeJong**, OSB No. 940662
    **Scott A. Shorr**, OSB No. 961873
    **Nadine A. Gartner**, OSB No. 103864

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:        tdejong@stollberne.com
              sshorr@stollberne.com
              ngartner@stollberne.com

**Eric L. Cramer** (to be Admitted *Pro Hac Vice*)
Email: ecramer@bm.net
**Shanon J. Carson** (to be Admitted *Pro Hac Vice*)
Email: scarson@bm.net
**Patrick F. Madden** (to be Admitted *Pro Hac Vice*)
Email: pmadden@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:    (215) 875-4656
Facsimile:    (215) 875-4604

Page 32 -  **CLASS ACTION ALLEGATION COMPLAINT**

**Brett Cebulash** (to be Admitted *Pro Hac Vice*)
Email: bcebulash@tcllaw.com
**Kevin S. Landau** (to be Admitted *Pro Hac Vice*)
Email: klandau@tcllaw.com
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone:      (212) 931-0704
Facsimile:      (212) 931-0703

**Attorneys for Plaintiffs**

Page 33 -  **CLASS ACTION ALLEGATION COMPLAINT**