**Tanya Durkee Urbach**, OSB No. 962668
urbacht@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

**John C. Englander**, *pro hac vice application pending*
jenglander@goodwinprocter.com
**Matthew G. Lindenbaum**, *admitted pro hac vice*
mlindenbaum@goodwinprocter.com
**Dominic D. Gouker**, *admitted pro hac vice*
dgouker@goodwinprocter.com
**Goodwin Procter LLP**
Exchange Place
Boston, MA  02109
Telephone: 617.570.8318
Facsimile: 617.523.1231

**David L. Permut**, *pro hac vice application forthcoming*
dpermut@goodwinprocter.com
**Goodwin Procter LLP**
901 New York Avenue, NW
Washington, DC 20001
Telephone: 202.346.4182
Facsimile: 202.346.4444

**Attorneys for Defendant**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **EDWARD M. WALLACE, Jr.,** individually and on behalf of all others similarly situated, | CV No. 3:12-cv-00935-SI |
| Plaintiff(s), | Defendant's ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND AFFIRMATIVE DEFENSES |
| v. | |
| **BANK OF AMERICA, N.A.,** individually and as successor by merger to **BAC HOME LOANS SERVICING, L.P.,** | |
| Defendant. | |

PAGE 1 -   ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
              AFFIRMATIVE DEFENSES

Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), hereby answers the Class Action Allegation Complaint ("Complaint") filed by Plaintiff Edward M. Wallace, Jr. ("Plaintiff"). This Answer is made without waiving, but expressly reserving, all rights that Bank of America has to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied.

Bank of America responds to the individual paragraphs of the Complaint as follows:

## INTRODUCTION[1]

1.      Bank of America admits that it services Plaintiff's home equity line of credit ("HELOC"). Bank of America denies the remaining allegations contained in Paragraph 1 of the Complaint. Bank of America specifically denies that certification of any class is appropriate in this case.

2.      Bank of America denies the allegations contained in Paragraph 2 of the Complaint and specifically denies that certification of any class is appropriate in this case.

3.      Bank of America admits that it placed flood insurance coverage on the property securing Plaintiff's HELOC. Bank of America denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Bank of America denies the allegations contained in Paragraph 4 of the Complaint.

5.      Bank of America denies the allegations contained in Paragraph 5 of the Complaint.

---

[1] Bank of America has adopted certain subject headings used in Plaintiff's Complaint strictly for ease of reference by the Court and the parties, and, by using those headings here, does not intend to admit the truth of any allegation contained within them. To the extent that any of the subject headings in Plaintiff's Complaint may be construed to contain factual allegations, Bank of America expressly denies such allegations.

PAGE 2 -    ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
            AFFIRMATIVE DEFENSES

6.      Bank of America denies the allegations contained in Paragraph 6 of the Complaint and specifically denies that it demands excessive and unnecessary flood and insurance and that certification of any class is appropriate in this case.

7.      Bank of America denies the allegations contained in Paragraph 7 of the Complaint and specifically denies that certification of any class is appropriate in this case.

8.      Bank of America denies the allegations contained in Paragraph 8 of the Complaint.

9.      Bank of America denies the allegations contained in Paragraph 9 of the Complaint and specifically denies that certification of any class is appropriate in this case.

10.      The allegations contained in Paragraph 10 of the Complaint state demands for relief to which no response is required.  To the extent a response is required, Bank of America denies any relief is appropriate and specifically denies that certification of any class is appropriate in this case.

**PARTIES**

11.      Bank of America admits upon information and belief that Plaintiff is a resident of Portland, Oregon.  Bank of America denies the remaining allegations contained in Paragraph 11 of the Complaint and specifically denies that certification of any class is appropriate in this case.

12.      Bank of America admits the allegations contained in the first two sentences of Paragraph 12 of the Complaint.  With respect to the allegations contained in the third sentence of Paragraph 12 of the Complaint, Bank of America states that BAC Home Loans Servicing, LP was a Texas limited partnership with a principal place of business in Plano, Texas, and that BAC Home Loans Servicing, LP was an indirect wholly owned subsidiary of Bank of America, N.A. Bank of America denies any contrary or remaining allegations contained in the third sentence of Paragraph 12 of the Complaint.  With respect to the allegations contained in the fourth and fifth sentences of Paragraph 12 of the Complaint, Bank of America admits that BAC Homes Loans Servicing, LP merged into Bank of America, N.A. on July 1, 2011, and that prior to this merger,

PAGE 3 -    ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
            AFFIRMATIVE DEFENSES

BAC Home Loans Servicing, LP serviced mortgage loans and lines of credit secured by real property located in Oregon and throughout the United States, and denies any remaining allegations contained in the fourth and fifth sentences of Paragraph 12 of the Complaint. Bank of America denies the allegations contained in the sixth sentence of Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.    The allegations contained in Paragraph 13 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Bank of America denies the allegations contained in Paragraph 13 of the Complaint.

14.    The allegations contained in Paragraph 14 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Bank of America admits upon information and belief that Plaintiff is a resident of Portland, Oregon, but otherwise denies the allegations contained in Paragraph 14 of the Complaint. Bank of America specifically denies that certification of any class is appropriate in this case.

15.    The allegations contained in Paragraph 15 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Bank of America denies the allegations contained in Paragraph 15 of the Complaint and specifically denies that certification of any class is appropriate in this case.

## FACTUAL ALLEGATIONS

16.    With respect to the allegations contained in Paragraph 16 of the Complaint, Bank of America states that the federal National Flood Insurance Program ("NFIP") speaks for itself and is the best evidence of its purpose and requirements, and denies any allegations inconsistent with the NFIP.

17.    The allegations contained in Paragraph 17 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Bank of America states that the 1994 Amendments to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001,

PAGE 4 -    ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
AFFIRMATIVE DEFENSES

*et seq.* ("NFIA") speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with the terms of the NFIA.

18.     Bank of America states that it is without sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence in Paragraph 18 of the Complaint, and therefore denies them.  With respect to the allegations contained in the second sentence of Paragraph 18 of the Complaint, Bank of America admits that it refinanced Plaintiff's mortgage loan secured by the same property in Portland, Oregon that now secures Plaintiff's HELOC, on or about April 8, 2003.  Bank of America denies any remaining allegations contained in Paragraph 18 of the Complaint.

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, Bank of America states that the "Oregon Home Equity Line of Credit Deed of Trust" ("Deed of Trust"), attached hereto as **Exhibit 1**, speaks for itself and is the best evidence of its contents. Bank of America admits any remaining allegations contained in Paragraph 19 of the Complaint.

20.     Bank of America states that the Flood Insurance Notification Letter, attached hereto as **Exhibit 2**, speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the Flood Insurance Notification Letter.  The remaining allegations contained in Paragraph 20 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 20 of the Complaint.

21.     Bank of America states that the terms of the Home Equity Closing Instructions, attached hereto as **Exhibit 3**, speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with the terms of the Home Equity Closing Instructions. The remaining allegations contained in Paragraph 21 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 21 of the Complaint.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

22.    With respect to the allegations contained in Paragraph 22 of the Complaint, Bank of America states that the Deed of Trust, the Comptroller's Handbook: Flood Disaster Protection, May 1999 and 12 C.F.R. § 22.3 speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with their terms.  Bank of America denies any remaining allegations contained in Paragraph 22 of the Complaint.

23.    Bank of America denies the allegations contained in Paragraph 23 of the Complaint.

24.    Bank of America admits that when Plaintiff made payments to Bank of America in connection with his HELOC, these payments were withdrawn directly from Plaintiff's checking account.  Bank of America denies any remaining allegations contained in Paragraph 24 of the Complaint.

25.    Bank of America admits that, in October 2011, Plaintiff paid off two mortgage loans serviced by Bank of America on the property at issue in this litigation, and that, after those two loans were paid, the $10,000 HELOC was the only remaining loan serviced by Bank of America on the subject property.  Bank of America denies the remaining allegations contained in Paragraph 25 of the Complaint.

By way of further answer, with respect to the balance due on Plaintiff's HELOC in October 2011, Bank of America attaches the Account Transaction History for Plaintiff's HELOC through July 10, 2012, as **Exhibit 4.   Exhibit 4** indicates, among other things, that the outstanding principal balance on Plaintiff's HELOC was $8,640.71 on April 20, 2012 and May 20, 2012. *See also* Compl. ¶ 27 (Plaintiff alleges owing $8,604.71).

26.    With respect to the allegations contained in the first sentence of Paragraph 26 of the Complaint, Bank of America admits that Plaintiff's flood insurance policy on the property at issue in this litigation was canceled as of October 2011, and denies any remaining allegations contained in the first sentence of Paragraph 26 of the Complaint.

PAGE 6 -    ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
                AFFIRMATIVE DEFENSES

Bank of America denies the allegations contained in the second sentence of Paragraph 26 of the Complaint.  By way of further answer to the allegations contained in the second sentence of Paragraph 26 of the Complaint, Bank of America states that on or about February 8, 2012, Bank of America sent Plaintiff a letter, and that this letter is attached hereto as **Exhibit 5.**  On or about March 1, 2012, Bank of America sent Plaintiff another letter, and this letter is attached hereto as **Exhibit 6**.  On or about March 27, 2012, Bank of America purchased a flood insurance policy on the subject property with $151,000 in coverage and sent a letter to Plaintiff concerning this policy, which is attached hereto as **Exhibit 7.**

With respect to the allegations contained within the third sentence of Paragraph 26 of the Complaint, Bank of America admits that it debited $688.80 from Plaintiff's checking account on or about April 20, 2012.  *See* **Exhibit 4**.  Bank of America states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained within the third sentence of Paragraph 26 of the Complaint, and therefore denies them.

Bank of America states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within the fourth sentence of Paragraph 26 of the Complaint, and therefore denies them.  The allegations contained in the fifth and sixth sentences of Paragraph 26 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in the fifth and sixth sentences of Paragraph 26 of the Complaint.

27.    Bank of America admits that it continues to maintain the flood insurance on the subject property and that Plaintiff's payments, which include amounts for the flood insurance policy, are debited from Plaintiff's checking account on a monthly basis.  Bank of America specifically denies committing any "violation of law" and that the flood insurance policy in question is "unlawfully force-placed insurance."  Bank of America states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint, and therefore denies them.

PAGE 7 -    ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
AFFIRMATIVE DEFENSES

28.    Bank of America denies the allegations contained in the first sentence of Paragraph 28 of the Complaint.  The remaining allegations contained in Paragraph 28 of the Complaint state conclusions of law, to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in the second and third sentences of Paragraph 28 of the Complaint.

29.    With respect to the allegations contained in Paragraph 29 of the Complaint, Bank of America states that the Deed of Trust, the Flood Insurance Notification Letter, the Comptroller's Handbook: Flood Disaster Protection, May 1999 and 12 C.F.R. § 22.3 speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with their terms.  The remaining allegations contained in Paragraph 29 of the Complaint state conclusions of law to which no response is require.  To the extent a response is required, Bank of America denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.    Bank of America denies the allegations contained in Paragraph 30 of the Complaint.

31.    Bank of America denies the allegations contained in Paragraph 31 of the Complaint and specifically denies that certification of any class is appropriate in this case.

32.    Bank of America denies the allegations contained in Paragraph 32 of the Complaint.

33.    Bank of America denies the allegations contained in Paragraph 33 of the Complaint.

34.    Bank of America states that the language of the credit agreements speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with the terms of the credit agreements.  Bank of America denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.    Bank of America states that the HELOC agreements speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with the terms of the

PAGE 8 -    ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
            AFFIRMATIVE DEFENSES

HELOC agreements.    Bank of America denies the remaining allegations contained in Paragraph 35 of the Complaint and specifically denies that certification of any class is appropriate in this case.

36.    Bank of America denies the allegations contained in Paragraph 36 of the Complaint and specifically denies that certification of any class is appropriate in this case.

37.    Bank of America denies the allegations contained in Paragraph 37 of the Complaint.

38.    Bank of America denies the allegations contained in Paragraph 38 of the Complaint.

## CLASS ACTION ALLEGATIONS

39.    The allegations contained in Paragraph 39 of the Complaint are introductory and conclusory in nature, and therefore require no response.    To the extent a response is required, Bank of America admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case.

40.    The allegations contained in Paragraph 40 of the Complaint state conclusions of law to which no response is required.    To the extent a response is required, Bank of America denies the allegations contained in Paragraph 40 of the Complaint and specifically denies that certification of any class is appropriate in this case.

41.    The allegations contained in Paragraph 41 of the Complaint are conclusory in nature, and therefore require no response.    To the extent a response is required, Bank of America admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case.

42.    The allegations contained in Paragraph 42 of the Complaint are conclusory in nature, and therefore require no response.    To the extent a response is required, Bank of America admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case.

PAGE 9 -    ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
            AFFIRMATIVE DEFENSES

43.     The allegations contained in Paragraph 43 of the Complaint are conclusory in nature, and therefore require no response.  To the extent a response is required, Bank of America admits that the Complaint seeks certification of the class as defined, but denies that certification of any class is appropriate in this case.

44.     The allegations contained in Paragraph 44 of the Complaint are conclusory in nature and/or state conclusions of law and therefore require no response.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 44 of the Complaint and specifically denies that certification of any class is appropriate in this case.

45.     The allegations contained in Paragraph 45 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 45 of the Complaint and specifically denies that certification of any class is appropriate in this case.

46.     The allegations contained in Paragraph 46 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 46 of the Complaint and specifically denies that certification of any class is appropriate in this case.

47.     The allegations contained in Paragraph 47 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 47 of the Complaint and specifically denies that certification of any class is appropriate in this case.

48.     The allegations contained in Paragraph 48 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 48 of the Complaint and specifically denies that certification of any class is appropriate in this case.

49.     The allegations contained in Paragraph 49 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

denies the allegations contained in Paragraph 49 of the Complaint and specifically denies that certification of any class is appropriate in this case.

## CAUSES OF ACTION

### COUNT I

#### Unjust Enrichment

#### (on behalf of the Nationwide Unjust Enrichment Class)

50.     Bank of America hereby incorporates by reference its responses to Paragraphs 1-49 of the Complaint.

51.     Bank of America denies the allegations contained in Paragraph 51 of the Complaint and specifically denies that certification of any class is appropriate in this case.

52.     Bank of America denies the allegations contained in Paragraph 52 of the Complaint and specifically denies that certification of any class is appropriate in this case.

53.     Bank of America denies the allegations contained in Paragraph 53 of the Complaint.

54.     Bank of America denies the allegations contained in Paragraph 54 of the Complaint and specifically denies that certification of any class is appropriate in this case.

55.     Bank of America denies the allegations contained in Paragraph 55 of the Complaint and specifically denies that certification of any class is appropriate in this case.

### COUNT II

#### Violation of TILA, 15 U.S.C. § 1601, *et seq.*

#### (on behalf of the Nationwide Class)

56.     Bank of America hereby incorporates by reference its responses to Paragraphs 1-55 of the Complaint.

57.     With respect to the allegations contained in Paragraph 57 of the Complaint, Bank of America states that the federal Truth in Lending Act, 15 U.S.C § 1601, *et seq.* ("TILA")

PAGE 11 - ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
                AFFIRMATIVE DEFENSES

speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of TILA.

58.    The allegations contained in Paragraph 58 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 58 of the Complaint.

59.    The allegations contained in Paragraph 59 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 59 of the Complaint.

60.    The allegations contained in Paragraph 60 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that TILA speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of TILA.

61.    The allegations contained in Paragraph 61 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that TILA speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of TILA.

62.    The allegations contained in Paragraph 62 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that TILA speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of TILA.

63.    Bank of America denies the allegations contained in Paragraph 63 of the Complaint.

64.    The allegations contained in Paragraph 64 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that 12 C.F.R. 226.1, *et seq.*, speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with its terms.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

65.     The allegations contained in Paragraph 65 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 66 of the Complaint.

67.     Bank of America denies the allegations contained in Paragraph 67 of the Complaint and specifically denies that certification of any class is appropriate in this case.

68.     Bank of America denies the allegations contained in Paragraph 68 of the Complaint and specifically denies that certification of any class is appropriate in this case.

69.     The allegations contained in Paragraph 69 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 69 of the Complaint and specifically denies that certification of any class is appropriate in this case.

70.     The allegations contained in Paragraph 70 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 70 of the Complaint and specifically denies that certification of any class is appropriate in this case.

## COUNT III

### Violation of RESPA, 12 U.S.C. § 2601, *et seq.*

### (on behalf of the Nationwide Class)

71.     Bank of America hereby incorporates by reference its responses to Paragraphs 1-70 of the Complaint.

72.     The allegations contained in Paragraph 72 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that the federal Real Estate Settlement Procedures Act, 12 U.S.C § 2601, *et seq.*

PAGE 13 -  ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
               AFFIRMATIVE DEFENSES

("RESPA") speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of RESPA.

73.    The allegations contained in Paragraph 73 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that the RESPA speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of RESPA.

74.    The allegations contained in Paragraph 74 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that the RESPA speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of RESPA.

75.    With respect to the allegations contained in Paragraph 75 of the Complaint, Bank of America states that 24 C.F.R. § 3500.2 speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with its terms.

76.    Bank of America denies the allegations contained in Paragraph 76 of the Complaint.

77.    Bank of America denies the allegations contained in Paragraph 77 of the Complaint.

78.    Bank of America denies the allegations contained in Paragraph 78 of the Complaint and specifically denies that certification of any class is appropriate in this case.

79.    Bank of America denies the allegations contained in Paragraph 79 of the Complaint and specifically denies that declaratory and injunctive relief is available to private plaintiffs under RESPA and that certification of any class is appropriate in this case.

80.    Bank of America denies the allegations contained in Paragraph 80 of the Complaint and specifically denies that certification of any class is appropriate in this case.

81.    Bank of America denies the allegations contained in Paragraph 81 of the Complaint.

PAGE 14 -  ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
               AFFIRMATIVE DEFENSES

## COUNT IV

### Breach of Contract/Breach of Implied Covenant of Good Faith and Fair Dealing/Unconscionability

### (on behalf of the Nationwide Class)

82.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-81 of the Complaint.

83.    Bank of America admits that Plaintiff entered into a HELOC contract with Bank of America, *see* **Exhibit 1**, and that Bank of America continues to service this HELOC.

84.    With respect to the allegations contained in Paragraph 84 of the Complaint, Bank of America states that Plaintiff's Deed of Trust (**Exhibit 1**) and the Flood Insurance Notification Letter (**Exhibit 2**) speak for themselves and are the best evidence of their contents, and denies any allegations inconsistent with their terms.  Bank of America specifically denies that the Flood Insurance Notification Letter constitutes a "section" of the mortgage contract.

85.    Bank of America denies the allegations contained in Paragraph 85 of the Complaint.

86.    The allegations contained in Paragraph 86 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 86 of the Complaint.

87.    Bank of America denies the allegations contained in Paragraph 87 of the Complaint.

88.     The allegations contained in Paragraph 88 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America states that the language of Plaintiff's Deed of Trust (**Exhibit 1**) speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of Plaintiff's Deed of Trust.  Bank of America denies the remaining allegations contained in Paragraph 88 of the Complaint.

PAGE 15 -  ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
               AFFIRMATIVE DEFENSES

89.    Bank of America denies the allegations contained in Paragraph 89 of the Complaint.

90.    Bank of America denies the allegations contained in Paragraph 90 of the Complaint.

91.    Bank of America denies the allegations contained in Paragraph 91 of the Complaint.

92.    Bank of America denies the allegations contained in Paragraph 92 of the Complaint.

93.    With respect to the allegations contained in Paragraph 93 of the Complaint, Bank of America states that the language of Plaintiff's Deed of Trust (**Exhibit 1**) speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of Plaintiff's Deed of Trust.  Bank of America denies the remaining allegations contained in Paragraph 93 of the Complaint.

94.    The allegations contained in Paragraph 94 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 94 of the Complaint and specifically denies that certification of any class is appropriate in this case.

95.    The allegations contained in Paragraph 95 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 95 of the Complaint.

96.    The allegations contained in Paragraph 96 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 96 of the Complaint.

97.    Bank of America denies the allegations contained in Paragraph 97 of the Complaint and specifically denies that it charges excessive and unnecessary premiums and that certification of any class is appropriate in this case.

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

98.    Bank of America denies the allegations contained in Paragraph 98 of the Complaint and specifically denies that certification of any class is appropriate in this case.

99.    Bank of America denies the allegations contained in Paragraph 99 of the Complaint and specifically denies that certification of any class is appropriate in this case.

## COUNT V

### Breach of Fiduciary Duty/Misappropriation of Funds Held in Trust

### (on behalf of the Nationwide Class)

100.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-99 of the Complaint.

101.    Bank of America denies that it holds funds in escrow in connection with Plaintiff's HELOC, denies any remaining allegations contained in Paragraph 101 of the Complaint, and specifically denies that certification of any class is appropriate in this case.

102.    Bank of America denies that it established an escrow account in connection with Plaintiff's HELOC, denies any remaining allegations contained in Paragraph 102 of the Complaint, and specifically denies that certification of any class is appropriate in this case.

103.    Bank of America denies that it established an escrow account in connection with Plaintiff's HELOC, denies any remaining allegations contained in Paragraph 103 of the Complaint, and specifically denies that certification of any class is appropriate in this case.

104.    Bank of America denies the allegations contained in Paragraph 104 of the Complaint and specifically denies that certification of any class is appropriate in this case.

105.    Bank of America denies the allegations contained in Paragraph 105 of the Complaint and specifically denies that certification of any class is appropriate in this case.

106.    Bank of America denies the allegations contained in Paragraph 106 of the Complaint and specifically denies that certification of any class is appropriate in this case.

107.    Bank of America denies the allegations contained in Paragraph 107 of the Complaint, specifically denies that Bank of America "acted in bad faith in deliberate and/or

PAGE 17 -  ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
              AFFIRMATIVE DEFENSES

reckless disregard" of anyone's rights or its obligations, and specifically denies that certification of any class is appropriate in this case.

## COUNT VI

### Conversion

### (on behalf of the Nationwide Subclass)

108.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-107 of the Complaint.

109.     The allegations contained in Paragraph 109 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 109 of the Complaint.

110.    Bank of America denies the allegations contained in Paragraph 110 of the Complaint and specifically denies that certification of any class is appropriate in this case.

111.    Bank of America denies the allegations contained in Paragraph 111 of the Complaint and specifically denies that certification of any class is appropriate in this case.

112.    Bank of America denies the allegations contained in Paragraph 112 of the Complaint and specifically denies that certification of any class is appropriate in this case.

113.    Bank of America denies the allegations contained in Paragraph 113 of the Complaint and specifically denies that certification of any class is appropriate in this case.

114.    Bank of America denies the allegations contained in Paragraph 114 of the Complaint and specifically denies that certification of any class is appropriate in this case.

115.    Bank of America denies the allegations contained in Paragraph 115 of the Complaint and specifically denies that certification of any class is appropriate in this case.

116.    Bank of America denies the allegations contained in Paragraph 116 of the Complaint and specifically denies that certification of any class is appropriate in this case.

117.    Bank of America denies the allegations contained in Paragraph 117 of the Complaint and specifically denies that certification of any class is appropriate in this case.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

118.    Bank of America denies the allegations contained in Paragraph 118 of the Complaint and specifically denies that it has engaged in "wrongful conduct."

119.    Bank of America denies the allegations contained in Paragraph 119 of the Complaint, specifically denies that Bank of America's actions were "wrongful," and specifically denies that certification of any class is appropriate in this case.

## COUNT VII

### Violation of Oregon's Unlawful Debt Collection Practices Act Section 646.639

### (on behalf of the proposed Oregon Class)

120.    Bank of America hereby incorporates by reference its responses to Paragraphs 1-119 of the Complaint.

121.    The allegations contained in Paragraph 121 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 121 of the Complaint and specifically denies that certification of any class is appropriate in this case.

122.    The allegations contained in Paragraph 122 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 122 of the Complaint.

123.    The allegations contained in Paragraph 123 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 123 of the Complaint.

124.    Bank of America admits that it sent notices to Plaintiff concerning its flood insurance requirements for the property securing Plaintiff's HELOC.  *See* **Exhibits 5, 6, and 7.** Bank of America states that the remaining allegations contained in Paragraph 124 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 124 of the Complaint.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

125.    With respect to the allegations contained in Paragraph 125 of the Complaint, Bank of America states that Oregon's Unlawful Debt Collection Practices Act (the "UDCPA") speaks for itself and is the best evidence of its contents, and denies any allegations inconsistent with the terms of the UDCPA.  The remaining allegations contained in Paragraph 125 of the Complaint state conclusions of law to which no response is required.  To the extent that a response is required, Bank of America denies any remaining allegations contained in Paragraph 125 of the Complaint and specifically denies that certification of any class is appropriate in this class.

126.    Bank of America denies the allegations contained in Paragraph 126 of the Complaint, specifically denies that Bank of America's actions were "wrongful and unlawful," and specifically denies that certification of any class is appropriate in this case.

## PRAYER FOR RELIEF

The allegations contained in the "Prayer for Relief" section of the Complaint consist of prayers for relief to which no response is required.  To the extent a response is required, Bank of America denies that Plaintiff is entitled to any damages, civil penalties, injunctive relief, restraining orders, costs, fees, interest, or other relief, and specifically denies that certification of any class is appropriate in this case.

## DEMAND FOR JURY TRIAL

The allegations contained in the "Demand for Jury Trial" section of the Complaint consist of a jury demand to which no response is required.  To the extent a response is required, Bank of America denies that Plaintiff is entitled to a trial by jury in this case.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

PAGE 20 -  ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
           AFFIRMATIVE DEFENSES

## SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, as a result of the acts of third parties over whom Bank of America had no control.

## THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, ratification, and/or other equitable doctrines.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the voluntary payment doctrine.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Bank of America always acted in good faith and with honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade, when dealing with Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff has failed to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged in this action.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the putative class period is overbroad and the putative class members are not entitled to any recovery.

## NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because any recovery by Plaintiff would constitute unjust enrichment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or preempted, in whole or in part, by federal statutes and regulations.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## ELEVENTH AFFIRMATIVE DEFENSE

The actions of Bank of America were consistent with, permitted by, dictated by, and in certain respects required by, applicable federal law, and to that extent cannot be the subject of a recovery in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred or limited by the benefits he obtained from the activities of Bank of America, and the terms of the loan.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action, because the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23(a) of the Federal Rules of Civil Procedure are not met.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action, because individual issues predominate over issues common to the class and because the class action device is not superior to other methods of adjudication.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action, because Plaintiff has failed to show Bank of America has acted or refused to act on grounds that apply generally to the putative class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely on any alleged misrepresentations, because any such reliance was not reasonable, and because any alleged misrepresentations were not material.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Filed Rate Doctrine.

### TWENTIETH AFFIRMATIVE DEFENSE

Bank of America reserves the right to assert these defenses and any additional or different defenses as to the claims of any persons who are made a member of a class if this Court certifies a class in this case, including but not limited to laches, discharge in bankruptcy, arbitration, res judicata, collateral estoppel, release, settlement, lack of jurisdiction, standing, preemption, statute of limitations, arbitration, claim preclusion, judgment, waiver, or other defenses.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Bank of America reserves the right to amend this Answer if it acquires new or different information.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, demands that judgment be entered in its favor against Plaintiff and that Bank of America, N.A. be awarded its costs, including its reasonable attorneys' fees, and such other relief as may be determined just and appropriate by this Court.

DATED:  July 20, 2012

LANE POWELL PC


By  s/  Tanya Durkee Urbach
    Tanya Durkee Urbach, OSB No. 962668


**GOODWIN PROCTER LLP**
    John C. Englander, *pro hac vice pending*
    David L. Permut, *pro hac vice forthcoming*
    Matthew G. Lindenbaum, *admitted pro hac vice*
    Dominic D. Gouker, *admitted pro hac vice*


Attorneys for Defendant


PAGE 23 -  ANSWER TO CLASS ACTION ALLEGATION COMPLAINT AND
           AFFIRMATIVE DEFENSES